# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SALEEBAN ADAN,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN WHITE GOVERNMENT,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:24-cv-00031-TES-CHW |

## ORDER OF DISMISSAL

Pro se Plaintiff Saleeban Adan, also known as Saleevan Isse Adan,[1] a prisoner at Georgia Diagnostics & Classification Prison in Jackson, Georgia, has filed a complaint under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff has not paid a filing fee, so the Court reasons that Plaintiff is also seeking leave to proceed *in forma pauperis*. However, because Plaintiff has three strikes under the Prison Litigation Reform Act, he may not proceed *in forma pauperis*. The Court therefore **DENIES** leave to proceed *in*

---

[1] Although Plaintiff filed the instant case as Saleeban Adan, a review of the Georgia Department of Corrections (GDC) Database shows Plaintiff's name spelled as Saleevan Isse Adan. *Find an Offender*, Georgia Department of Corrections, http://dcor.state.ga.us/GDC/Offender/Query (last visited Jan. 24, 2024). The GDC ID number listed on the Georgia Department of Corrections database for Saleevan Isse Adan is the same number that Plaintiff lists in his Complaint. *See id.*; [Doc. 1, p. 1]. Furthermore, a review of court records on PACER under both of these spellings of Plaintiff's name as well as other monikers used by Plaintiff such as "Saleban Adan" and "Roe Saleevan Adan" reveals more than 80 cases filed between 2013 and 2023 in the Northern District of Georgia, Middle District of Georgia, Southern District of Georgia, and Northern District of Florida. *PACER Case Locator*, PACER, https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf (last visited January 24, 2024).

*forma pauperis*, and, because Plaintiff's Complaint does not state a right to any recognizable relief and contains frivolous allegations, the Court **DISMISSES** this action with prejudice.

## I. DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

A prisoner is barred from bringing a civil action in federal court *in forma pauperis*:

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283–84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited, and the Court may not grant leave to proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed approximately

2

85 federal lawsuits and that at least three of his complaints have been dismissed as frivolous or malicious, or for failure to state a claim. *See, e.g.,* Order, *Adan v. Does*, No. 5:15-cv-00047-MTT-MSH (M.D. Ga. Mar. 4, 2015), ECF No. 4 (listing cases); Order, *Adan v. Ga. State Prison*, No. 5:14-cv-363-MTT-MSH (M.D. Ga. Dec. 2, 2014), ECF No. 5 (dismissing complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous); Opinion and Order, *Adan v. All*, No. 1:14-CV-01274-WSD (N.D. Ga. Nov. 19, 2014), ECF No. 15 (dismissing complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim); Order, *Adan v. Am. Music Rec.*, No. 5:14-cv-0274-MTT-MSH (M.D. Ga. July 29, 2014), ECF No. 4 (dismissing complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous); Order, *Adan v. Cent. State Hosp.*, No. 1:05-CV-0370-WSD (Mar. 14, 2005), ECF No. 2 (dismissing complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Att'y's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be

applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Nowhere in Plaintiff's complaint does he provide any specific or nonfrivolous facts suggesting that he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## II. DISMISSAL AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Here, Plaintiff names the "American White Government" as a Defendant but he also wants to sue Kentucky Fried Chicken, Zaxby's, and Bojangles. [Doc. 1, pp. 1, 5–6]. Plaintiff complains that "the Gentile and Taiwan they have fired [his] mind" and that "the people and American white government they have made [his] eyes blind and [he] was attacked [his] mind by electricity chair." [*Id*. at p. 5]. He further claims that God has removed a stone from his heart and he now wants his "American White Government to fix [his] spirit mind." [*Id*.]. Plaintiff seeks damages and wants the Court to "change [his]

5

blood and [he has] no blood and that Doctor Mahmet Oz he do gotta [Plaintiff's] blood." [*Id*. at p. 6].

The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless," the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke*, 490 U.S. at 325–28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

The violations of which Plaintiff complains and the relief he seeks are predicated upon allegations that are "fanciful, fantastic, irrational, and/or delusional." *See Porter v. Governor of Fla*., 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32–33). Thus, even when construed liberally and in his favor, Plaintiff's complaint is "without arguable merit either in law or fact," fails to satisfy the minimal standards of rationality required at the preliminary screening stage, and is subject to immediate dismissal. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 32–33). Accordingly, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1] **with prejudice**[2] as frivolous under 28 U.S.C.

---

[2] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be

§ 1915A(b)(1).

### III. CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis*, and this action is **DISMISSED with prejudice**.

**SO ORDERED**, this 25th day of January, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). This is an "appropriate case[]." *Id*. This case qualifies for such treatment because Plaintiff's allegations are "clearly baseless and without arguable merit in fact" and are therefore frivolous under 28 U.S.C. § 1915A(b)(1). *See Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017); Order, *Jordan v. Cent. Intel. Agency*, No. 5:18-cv-455-MTT (M.D. Ga. Dec. 5, 2018), ECF No. 5 (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)). Furthermore, district courts have the inherent power to dismiss frivolous suits *sua sponte* without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526 n.3 (11th Cir. 1983); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008).